IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No.  01-cv-00127-RPM-MJW**

VENNIE SCOTT THOMPSON,

Plaintiff,

v.

DEBORAH PATCH, et al.,

Defendants.

---

### RECOMMENDATION THAT THIS ACTION BE DISMISSED
---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to Magistrate

Judge issued by Senior District Judge Richard P. Matsch on August 8, 2005 (Docket

No. 193), following the Tenth Circuit Court of Appeal's dismissal of the plaintiff's appeal

for lack of appellate jurisdiction (Docket No. 191).

In a Minute Order dated August 8, 2005, this court set a status conference on

August 12, 2005, at 9:00 a.m., to obtain an update as to the status of this case.  That

Minute Order provided that the pro se incarcerated plaintiff could participate by

telephone.  During that status conference, however, the court was advised by

Mr. Thomas Kolle, the Custodian of Offender Records for the Colorado Department of

Corrections, that the plaintiff was no longer incarcerated, having been discharged from

DOC's custody (not paroled) on February 25, 2005.  The only address Mr. Kolle had for

the plaintiff was one the plaintiff provided on February 2, 2005, when he was advised

that he had to register as a sex offender.  That last known address for the plaintiff is:

The Boulder Homeless Shelter, 4869 North Broadway, Boulder, Colorado 80304;

telephone number (303) 449-2823.  At that time, the plaintiff had not provided the court

or defense counsel with a change of address as required by D.C.COLO.LCivR 10.1(M)

("Within ten days after any change of address, telephone number or e-mail address of

any attorney or pro se party, notice of the new address, telephone number or e-mail

address shall be filed.").  The court further noted at that time that two of the named

defendants, Shelly Pollit and Deborah Patch, had not been served with process.

Based upon the above, this court issued an Order to Show Cause on August 12,

2005.  (Docket No. 194).  In that Order, this court quoted the relevant portions of Fed.

R. Civ. P. 4(m), 16(f), 37(b)(2)(B), (C), and (D), and 41(b), and then directed that on

August 25, 2005, at 8:30 a.m. in Courtroom A-502, Fifth Floor, Alfred A. Arraj U. S.

Courthouse, 901 Nineteenth Street, Denver, Colorado, a Show Cause Hearing would

be held at which the plaintiff was required to appear in person and show cause (1) why

this case should not be dismissed pursuant to Fed. R. Civ. P. 4(m) and/or 41(b) for

failure to prosecute, failure to comply with court orders and Local Rules, and failure to

appear, and (2) why the case should not be dismissed as against the unserved

defendants pursuant to Fed. R. Civ. P. 4(m).  In addition, the plaintiff was directed to

forthwith file a change of address with the Clerk of the Court, with a copy to defense

counsel.  Finally, the Clerk of the Court was directed to send a copy of that Order to

Show Cause upon the plaintiff at the following address: The Boulder Homeless Shelter,

4869 North Broadway, Boulder, Colorado 80304.

3

The copy of the Order to Show Cause which was sent to the plaintiff at the Fort Lyons Correctional Facility was returned to the court by the U.S. Postal Service. (See Docket No. 198). However, the copy sent to the plaintiff at The Boulder Homeless Shelter was not returned to the court as undeliverable. Nevertheless, the plaintiff failed to appear as directed at the Show Cause Hearing on August 25, 2005, at 8:30 a.m. In addition, the plaintiff has not filed a change of address as directed. Defense counsel did appear for the hearing.

Rule 16(f) of the Federal Rules of Civil Procedure provides in relevant part:

> If a party . . . fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a . . . pretrial conference . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f). Rule 37(b)(2)(B), (C), and (D), which is referenced in Rule16(f), permits the following sanctions:

> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or **dismissing the action or proceeding** or any part thereof, or rendering a judgment by default against the disobedient party;

> (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination.

4

Fed. R. Civ. P. 37(b)(2)(B), (C), (D) (emphasis added).

With regard to the unserved defendants, Fed. R. Civ. P. 4(m) provides in relevant

part:

> If service of the summons and complaint is not made upon a defendant
> within 120 days after the filing of the complaint, the court, upon motion or
> on its own initiative after notice to the plaintiff, shall dismiss the action
> without prejudice as to that defendant and direct that service be effected
> within a specified time; provided that if the plaintiff shows good cause for
> the failure, the court shall extend the time for service for an appropriate
> period. . . .

Fed. R. Civ. P. 4(m).

Furthermore, Rule 41(b) provides in pertinent part:

> For failure of the plaintiff to prosecute or to comply with these rules or any
> order of court, a defendant may move for dismissal of an action or of any
> claim against the defendant.  Unless the court in its order for dismissal
> otherwise specifies, a dismissal under this subdivision and any dismissal
> not provided for in this rule . . . operates as an adjudication upon the
> merits.

Fed. R. Civ. P. 41(b).

"[D]ismissal represents an extreme sanction appropriate only in cases of willful

misconduct."  Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992).  "Before

choosing dismissal as a just sanction, a court should ordinarily consider a number of

factors, including: '(1) the degree of actual prejudice to the defendant; (2) the amount of

interference with the judicial process; . . . (3) the culpability of the litigant,' . . . (4)

whether the court warned the party in advance that dismissal of the action would be a

likely sanction for noncompliance."  Id. at 921.  Since the plaintiff is appearing pro se,

this court has "assess[ed] whether it might appropriately impose some sanction other

than dismissal, so that the party does not unknowingly lose its right to access to the

courts because of a technical violation." Id. at 920.

The court has carefully considered the Ehrenhaus factors.   It appears that the plaintiff, now released from custody, has lost interest in this case.  He has not bothered to advise the court and/or defense counsel of his new address or telephone number. In fact, he has not contacted the court since his release.  This case should not be put on indefinite hold until the plaintiff resumes interest in prosecuting this matter.  To do so would prejudice the defendants and interfere with the judicial process.  In the Order to Show Cause, plaintiff was put on notice that this case could be dismissed. Nevertheless, plaintiff failed to appear at the Show Cause hearing.  Based upon the foregoing, it is hereby

**RECOMMENDED** that this case be dismissed with prejudice pursuant to Fed. R. Civ. P. 16(f) and/or 41(b) based upon the plaintiff's failure to prosecute, failure to comply with court orders and Local Rules, and failure to appear.  It is further

**RECOMMENDED** that this case be dismissed without prejudice as against the unserved defendants, Shelly Pollit and Deborah Patch, pursuant to Fed. R. Civ. P. 4(m). It is further

**ORDERED** that the Clerk of the Court shall mail a copy of this Recommendation to the plaintiff by regular mail at the following address: The Boulder Homeless Shelter, 4869 North Broadway, Boulder, Colorado 80304.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge**

assigned to the case.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Fed. R. Civ. P. 72(b), <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).

Dated:   August 25, 2005                  s/Michael J. Watanabe
         Denver, Colorado                 Michael J. Watanabe
                                          United States Magistrate Judge